UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA VAILLANCOURT, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 09-197-P-H |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") case contends that the Decision Review Board's finding at Step 5 of the sequential evaluation process is not supported by substantial evidence, that the administrative law judge improperly evaluated the impairments imposed by carpal tunnel syndrome, and that she improperly evaluated the plaintiff's transferable skills. I recommend that the commissioner's decision be vacated.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine and carpal tunnel syndrome, impairments that were severe but did not, considered separately or together, meet or medically equal the criteria of an impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 18, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

19-22; that the plaintiff had the residual functional capacity to perform light work, limited to understanding, remembering, and carrying out simple instructions, no overhead lifting, sitting for two hours at a time, up to a total of six hours in an eight-hour work day, walking for one hour at a time up to a total of four hours in an eight-hour workday, standing one hour at a time up to a total of four hours in an eight-hour workday, occasional operation of foot controls, no climbing of ladders, ropes, or scaffolds, no crouching, occasional balancing, stooping, kneeling, crawling, and climbing of ramps and stairs, no work near hazards such as unprotected heights and moving machinery, and occasional operation of vibratory equipment, Finding 5, *id*. at 22; that she was unable to perform any past relevant work, Finding 6, *id*. at 25; that, given her age (45 at the date of alleged onset, October 25, 2005), high school education, transferable work skills, work experience, and residual functional capacity, the plaintiff was capable of performing work that existed in significant numbers in the national economy, Findings 7-10, *id*.; and that the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from October 25, 2005, through the date of the decision (January 14, 2009), Finding 11, *id*. at 26.

      The Decision Review Board selected this case for review. *Id*. at 13. It found that the administrative law judge had erred at Step 2 of the sequential evaluation process, *id*. at 4, but made no change in the outcome, *id*. at 7. Specifically, the Board found that the plaintiff suffered from the severe impairments of depression, anxiety, degenerative disc disease of the lumbar spine, and carpal tunnel syndrome. *Id*. at 6. It did not change the residual functional capacity assigned by the administrative law judge. *Id*. at 6-7. It specified that the plaintiff was able to perform jobs that existed in significant numbers in the national economy under the framework of Section 202.22 of Appendix 2 to Subpart P of 24 C.F.R. Part 404 (the "Grid"), specifically the

following jobs offered by the vocational expert at the hearing: gate guard,[2] gas service station attendant, and cashier. *Id.* at 7. It found that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles. *Id.* Accordingly, it found that the plaintiff was not entitled to benefits. *Id.* The Decision Review Board's opinion was the final decision of the commissioner. *Id.* at 1; 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The Decision Review Board and the administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Simple Instructions

The plaintiff first attacks the Decision Review Board's conclusion that she could perform the two disputed jobs it listed as being available to her, given the residual mental functional

---

[2] At oral argument, counsel for the commissioner conceded that the residual functional capacity assigned to the plaintiff by the administrative law judge was incompatible with the job of gate guard. Therefore, I will not consider that job further.

capacity that they assigned to her.  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2-5.  The Board found that the plaintiff's severe mental impairments of depression and anxiety caused mild limitations in performing the activities of daily living, mild limitations in social functioning, moderate limitations in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration. Record at 5.  In turn, the plaintiff's moderate limitation in maintaining concentration, persistence, or pace caused the plaintiff to be limited to understanding, remembering, and carrying out simple instructions.  *Id*.

The Board cited the testimony of the vocational expert at the hearing before the administrative law judge as being consistent with this limitation, and the expert's testimony that the jobs of gas service station attendant, with a specific vocational preparation (SVP) level of 3, and cashier, at the SVP level of 2, were jobs that the plaintiff could perform.  *Id*. at 7.  The administrative law judge's hypothetical question to the vocational expert that elicited the testimony about these jobs was the following:

> [I]f you would please consider a younger individual who is currently 49 with a high school education and the past work which you just set forth, who is, in my first hypothetical, who is limited to lifting and carrying ten pounds frequently and 20 pounds occasionally, but no lifting overhead; sitting two hours at a time for a total of six of eight; standing one hour at a time for a total of four of eight; and walking one hour at a time for a total of four hours out of eight hours; occasional operation of foot controls, but not beyond the ten pounds frequently and 20 occasionally that I mentioned; no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs and ramps; occasional stooping, kneeling, crouching, and crawling; no work with unprotected heights or dangerous moving parts; and occasional work with vibrations; and also simple instructions.

*Id*. at 66-67.  She cited numbers from the Dictionary of Occupational Titles (DOT) for the two jobs as follows: cashier II, 211.462-010, and self-service gas station attendant, 915.477-010.  *Id*. at 68-69.

4

The plaintiff contends that "the case law in this district has consistently held that simple work equates to Reasoning Level 1 (R1) work based on the application of the scale of General Education Development (GED) in the Dictionary of Occupational Titles." Itemized Statement at 3. If the limitation to understanding, remembering, and carrying out simple instructions adopted by the Board and the administrative law judge are the functional equivalent of the plaintiff's "simple work," the fact that each of the two jobs at issue is assigned a GED reasoning level higher than 1 in the DOT means that they cannot provide substantial evidence to support the commissioner's Step 5 finding. In *Hall v. Barnhart*, No. 03-299-P-C, 2004 WL 1896969 (D. Me. Aug. 25, 2004), this court held that a limitation to repetitive work entailing simple instructions was inconsistent with jobs with GED reasoning levels of 2 and 3, so that any jobs with those reasoning levels would not be consistent with that limitation.

At oral argument, counsel for the commissioner contended that this appeal is governed by my opinion in *Arsenault v. Astrue*, 2009 WL 1609033 (D. Me. June 8, 2009), at *3, rather than *Hall*, which he admitted supports the plaintiff's position. He asserted that the administrative law judge in this case was using the term "unskilled work" as "shorthand" for the concept of an ability to understand, remember, and carry out simple instructions, which Social Security Ruling 85-15 lists as one of the demands of unskilled work. *Id*.

But, that interpretation is inconsistent with the express language of the administrative law judge's decision, which specifically found that the plaintiff had acquired work skills from her past relevant work and that those skills were transferable to other occupations existing in significant numbers in the national economy. Record at 25. Indeed, in *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520 (1st Cir. 1989), a case cited by counsel for the commissioner in which the First Circuit approved the use of a "shorthand approach," the

5

administrative law judge found that the claimant's mental impairments "prevented him from performing any sort of skilled or semiskilled work," and limited him to "unskilled, routine, repetitive work." *Id*. at 526.  Here, the language of the administrative law judge's opinion makes no findings concerning "unskilled work"; if anything, the findings are to the contrary.

*Arsenault* dealt with the issue of social functioning and mental limitations on concentration, persistence, or pace, 2009 WL 1609033 at *2-*3, which are issues not present in the case at hand.  *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001), another case cited by counsel for the commissioner, deals with the ability of the court to consider "new" evidence submitted by a claimant after the administrative law judge has issued his or her opinion.  *Id*. at *4-*7.  Again, this is an issue not present in the case at hand.

In fact, both of the jobs at issue have reasoning levels of 3: cashier II, *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991), § 211.462-010 and automobile self-serve service-station attendant, *id*. § 915.477-010.  The error in relying on such jobs was not harmless.  *Hall* at *2.  *See also Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL 2677208 (D. Me. Nov. 24, 2004), at *5.

### B.  Hand and Wrist Limitations

For the benefit of the parties on remand, I will briefly address the other issues raised by the plaintiff.  The plaintiff next contends that the administrative law judge was required to find that her severe impairment of carpal tunnel syndrome imposed physical limitations beyond a restriction in operating vibrating equipment.  Itemized Statement at 5.  She asserts that the administrative law judge was required to adopt the evaluation of Dr. Boothby on this point, rather than that of Dr. Niv, because Dr. Niv could not have seen Dr. Boothby's report, which was

6

prepared on the same day as Dr. Niv's report, and because Dr. Boothby was a treating physician. *Id*. at 5-7.

Both Dr. Niv and Dr. Boothby saw the plaintiff once. Record at 363, 369-71. Dr. Niv, an orthopedic surgeon, evaluated her at the request of the Social Security Administration. *Id*. at 360. Dr. Boothby, a neurologist, saw her at the request of an apparent treating physician for the purposes of her Social Security disability application. *Id*. at 369, 371. A treating source is defined under Social Security regulations as

> your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequently consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

20 C.F.R. § 404.1502. There is nothing in the administrative record of this case to suggest that Dr. Boothby met this definition with respect to the plaintiff.[3] For that reason, Social Security Ruling 96-2p, upon which the plaintiff relies, Itemized Statement at 7, is inapplicable. That Ruling is entitled "Giving Controlling Weight to Treating Source Medical Opinions." Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 111.

To the extent that the court can consider the plaintiff's undeveloped additional argument in this section of her itemized statement, that the administrative law judge "had no alternative but to seek expert medical assistance (whether in the form of an expert at hearing or consultative evaluation post-hearing) to determine the limitations imposed by the [carpal tunnel] condition[,]" if she rejected Dr. Boothby's "statement" on this point, Itemized Statement at 7-8, it is also

---

[3] At oral argument, counsel for the plaintiff conceded that Dr. Boothby could more accurately be deemed an "examining source."

unavailing.  The plaintiff was represented by her current attorney at the hearing, Record at 28, and the responsibility for presenting evidence of any limitations imposed by her impairments was hers.  The administrative law judge gave sufficient reasons for declining to adopt Dr. Boothby's conclusion that the plaintiff was fully disabled by her carpal tunnel syndrome and mental impairments.  *Id*. at 24-25.

### C. Transferable Skill

The plaintiff ends with an argument that the administrative law judge committed reversible error by finding that she had transferable skills from her prior work, specifically personal interaction skills.  Itemized Statement at 8-9.  The administrative law judge made such a finding.  Record at 25.[4]  Even if, as the plaintiff contends, this were not a transferable skill within the scope of the definition provided by Social Security Ruling 82-41, she does not explain how such an error requires remand.  The failure to develop this argument sufficiently means that the court cannot consider it.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for*

---

[4] The administrative law judge also found that the plaintiff had a transferable skill in money handling. Record at 25. She asserts that the gate guard job does not require any such skill and that "the ALJ erred in finding any transferable skills flowing to this particular occupation from the Plaintiff's past work." Itemized Statement at 8. This job is no longer at issue, given the commissioner's concession at oral argument.

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 31st day of December, 2009.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
